Argued October 25, 1978, affirmed February 20; petition for review denied May 9, 1979

SHORT, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
et al, *Respondents.*
(WCB No. 75-3872, CA 11044)

SHORT et al, *Respondents,*
*v.*
STATES VENEER, INC. (UNISPHERE, INC.) et al,
*Petitioners.*
(WCB No. 76-6523-E, CA 12254)
(Consolidated cases)

590 P2d 1238

Samuel A. Hall, Jr., Eugene, argued the cause and filed the brief for petitioner Harley Short.

Richard W. Butler, Eugene, argued the cause for respondents/petitioners States Veneer, Inc., and Aetna Casualty Surety.

Earl Preston, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondents State Accident Insurance Fund and Lane County Sheriff's Department. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Eugene.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

In 1968, while employed by States Veneer (whose carrier was Aetna), claimant suffered a compensable injury. The original award for that injury was determined more than five years before the event that started the cases involved here, and claimant could not therefore have made any direct aggravation claim relating to that injury. ORS 656.273. In 1975, while he was employed by Lane County (whose carrier is SAIF), he fell at work. He filed a new injury claim with SAIF based on that incident. The claim was denied. He requested a hearing on that denial. While that matter was pending, he requested the Workers' Compensation Board to exercise "own motion jurisdiction" under ORS 656.278 with respect to an aggravation of the 1968 injury claimed to have resulted from the 1975 fall.

On September 16, 1976, the referee issued an opinion and order approving SAIF's denial of the new injury claim and a separate "advisory opinion" stating that "claimant has suffered an aggravation of his 1968 injury which would be the responsibility of Aetna * * *."[1] On October 26, 1976, the Board issued an "own motion order," which adopted the referee's advisory opinion and ordered:

> "Claimant's claim for his industrial injury suffered on January 11, 1968 is remanded to * * * Aetna * * *, to be accepted for the payment of compensation, as provided by law, commencing March 12, 1976 and until the claim is closed pursuant to ORS 656.278, less time worked."

Claimant requested Board review of the referee's order denying his new injury claim. That review resulted in a Board order on April 26, 1978, approving and adopting the referee's order. Claimant has petitioned for judicial review of that Board order.

[1]The referral of an "own motion" matter to the Hearings Division before considering the issuance of an order under ORS 656.278 is authorized by OAR 436-83-820. The hearing is apparently one provided for by ORS 656.283-.295.

Aetna in turn pursued its administrative remedies against the own motion order.[2] On April 7, 1978, a referee (not the one who had conducted the earlier proceedings and gave the advisory opinion) issued an opinion and order in which he concluded that the 1975 incident "contributed independently to the injury," that there was no aggravation of the 1968 injury which "was responsible for claimant's post-February, 1975, condition," and that the own motion order order of October 26, 1976, should be vacated. Claimant sought Board review of that order.[3]

On September 22, 1978, the Board reversed the second referee, finding "that claimant did not sustain a new injury in February, 1975, but that his present condition resulted from an aggravation of his January 11, 1968 industrial injury." The Board reinstated its October 26, 1976, own motion order and protested "that the present case is a perfect example of the 'merry-go-round' effect produced by the provisions of ORS 656.278." Aetna has petitioned for judicial review of the Board order reinstating the own motion order.

At the time Aetna filed its petition, the proceedings on the claimant's petition from the denial of his new injury claim had advanced to the point that the date for argument had been set in this court. In conjunction with the petition for judicial review of the order reinstating the own motion order, counsel for all parties joined in a motion to consolidate both cases for hearing on October 25. No additional briefs were filed. Aside from the oral arguments, there is little basis for understanding what Aetna relies on for reversal of the own motion order except the words of its petition, which advances as the reasons that claimant failed to sustain his burden of proving that his symptoms relate

---

[2]The carrier was entitled to request a hearing under ORS 656.283 by virtue of ORS 656.278(3), because the "own motion order" had the effect of increasing claimant's award for the 1968 injury.

[3]Review was authorized by ORS 656.289 and 656.295, even though claimant was barred from "a hearing, review or appeal" on the own motion order by ORS 656.278(3).

to or are an aggravation of the 1968 injury, and that claimant's symptomology is related only to the new injury.

The issues on review of both proceedings are purely factual. After reviewing the record we are persuaded that the claimant's condition is a result of an aggravation of the 1968 injury. *Bowman v. Oregon Transfer,* 33 Or App 241, 576 P2d 27 (1978).

*Short v. Veneer* (12254) is affirmed. *Short v. SAIF* (11044) is affirmed.